341 So.2d 1206 (1976)
Keith L. DUMEZ
v.
HOUMA MUNICIPAL FIRE AND POLICE CIVIL SERVICE BOARD et al.
No. 11016.
Court of Appeal of Louisiana, First Circuit.
December 20, 1976.
Rehearing Denied February 14, 1977.
Keith M. Whipple, Houma, for plaintiff-appellee.
Eddie N. Pullaro, Houma, for defendants-appellees.
James Lightfoot, III, Charley J. Schrader, Jr., Houma, for Thomas Abrams, deponent-appellant.
Before LANDRY, C.J., and COLE and CLAIBORNE, JJ.
LANDRY, Judge.
Thomas A. Abrams, (Appellant), a newspaper reporter sought to be deposed by plaintiff herein, Keith L. Dumez, (Appellee), to determine the propriety of Appellee's dismissal as a civil service police officer of the City of Houma, appeals from judgment ordering Appellant to disclose the source of certain information allegedly germane to Appellee's cause. We reverse.
*1207 The sole issue presented by this appeal is the application of LSA-R.S. 45:1451 et seq., which grants newspaper reporters a conditional privilege from compulsory disclosure of informant or source. The statute in question pertinently provides:
LSA-R.S. 45:1451. Definitions
"Reporter" shall mean any person regularly engaged in the business of collecting, writing or editing news for publication through a news media. The term reporter shall include all persons who were previously connected with any news media as aforesaid as to the information obtained while so connected.
LSA-R.S. 45:1452. Conditional privilege from compulsory disclosure of informant or source
Except as hereinafter provided, no reporter shall be compelled to disclose in any administrative, judicial or legislative proceedings or anywhere else the identity of any informant or any source of information obtained by him from another person while acting as a reporter.
LSA-R.S. 45:1453. Revocation of privilege; procedure
In any case where the reporter claims the privilege conferred by this Part, the persons or parties seeking the information may apply to the district court of the parish in which the reporter resides for an order to revoke the privilege. The application for such an order shall set forth in writing the reason why the disclosure is essential to the protection of the public interest and service of such application shall be made upon the reporter. The order shall be granted only when the court, after hearing the parties, shall find that the disclosure is essential to the public interest.
Dumez, a civil service employee of the Houma Police Department, was terminated from said position by his appointing authority, the Honorable Lora Rhodes, Chief, Houma Police Department, on December 5, 1975. An appeal by Dumez to the Houma Municipal Fire and Police Civil Service Board (Board) resulted in an affirmation of his termination by a Board ruling issued February 25, 1976, subsequent to a hearing. Dumez appealed the Board's ruling to the district court. In the course of the proceedings before the trial court, Dumez took Appellant's deposition on March 11, 1976. In the process, Appellant was asked whether Roland Acosta, Board Chairman, had informed Appellant as to the probable outcome of the Board's February 25, 1976 hearing, prior to said hearing date. It appears Dumez desired this information in proof of his contention that his hearing before the Board was not fair and impartial but that rather, the Board had in fact made a decision before the hearing.
In response to the query, Appellant, a reporter for the Houma Daily Courier, a newspaper published in Houma, Louisiana, responded that Appellant discussed with Mr. Acosta certain aspects of Dumez' case which were reported in the newspaper. Appellant also acknowledged that he privately spoke "off the record" with several individuals who expressed personal opinions regarding the probable outcome of the Board hearing, which information was communicated to Appellant in his capacity as newspaper reporter. Appellant declined to divulge the source of the several opinions thus received on the ground that the identities of the informants and the sources of such information were privileged and not subject to compulsory disclosure.
Appellee's motion for an order to compel Appellant to answer the questions posed, was heard on March 26, 1976, and on March 30, 1976, judgment was rendered directing Appellant to answer the questions propounded in the March 11, 1976 deposition.
As a general rule, communications to a news reporter do not enjoy a privilege against use as evidence and the reporter may be compelled to reveal information received in his professional capacity. Garland v. Torre (CA2 N.Y.1958) 259 F.2d 545; People v. Durrant, 116 Cal. 179, 48 P. 75 (1897); Clein v. State, 52 So.2d 117 (Fla.1950); Pledger v. State, 77 Ga. 242, 3 S.E. 320. See also Privilege of Newspaper or Magazine and Persons Connected Therewith, 7 *1208 A.L.R.3d p. 591 and other authorities therein cited.
In enacting LSA-R.S. 45:1451, et seq., our own legislature has partially modified the above stated general rule by providing that newspaper reporters are not required to disclose in any administrative, judicial or legislative proceeding or anywhere else, the identity of any informant or any source of information obtained by him from another person while acting as a reporter. The obvious statutory intent is to encourage the divulgence of news by informants who might otherwise hesitate to disclose matters of public import for fear of unfavorable publicity or the possibility of retribution resulting from their being revealed as the source of a particular news item. In so providing, our statute supports the basic right of the public to be informed by permitting a newspaper reporter to maintain the confidentiality of his news sources.
Moreover, our statute accords with the holding in Branzburg v. Hayes, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626, which held that the United States Supreme Court lacked authority to prevent state courts from construing their respective constitutions so as to recognize a newsman's privilege, either qualified or absolute, and from further declaring that within the limitations of the First Amendment of the United States Constitution, state legislatures are free to establish their own standards governing the relationships between law enforcement officials and the press.
We note that while some states have statutorily extended the newsman's privilege to information received, as well as its source and the identity of the informant, our statute grants the privilege only as to the identity of the informant and the source of the information, and not to the information itself.
In this instance the trial court concluded the source of the information was known and that Appellee was seeking only the information itself, which is not privileged under our statute. This conclusion is based on an erroneous assumption or finding. In so holding the trial court overlooked Appellant's deposing to the effect that Appellant had talked privately with several persons regarding the probable outcome of the Board's scheduled hearing and that Appellant refused to divulge the identities of his informants. We cite from the deposition the following pertinent interrogatories and responses:
Q. "... isn't it a fact that Acosta told you some time before the hearing that in all probability Ernie Rhodes would get a suspension without pay and Dumez would get fired?
A. No. That's not correct. Several persons indicated to me that in their opinion, in their personal opinion, this particular outcome of the case would
Q. Was Acosta one of those people that so indicated?
A. I can't say any specific people. I can say several persons.
Q. Are you telling me that you don't remember whether Acosta told you that, or are you telling me that you are not answering in order to protect your source?
A. The latter."
Admittedly Appellee was seeking to obtain from Appellant testimony which would establish Appellee's contention he was not given a fair hearing before the Board. That Appellant did not report or publish the information in question is a matter of no moment. While the statute limits the privilege to the identity of informants and the source of information, it does not restrict the privilege to identity of informants and sources of information published. On the contrary the privilege is extended to the identity of all informants and sources of information. We find that in this respect the statute is explicitly clear.
The question posed Appellant required an answer which disclosed not only information but also whether a particular individual was the source of the information sought. While the information requested was not privileged, the source *1209 thereof and the identity of the informant comes within statutory privilege insofar as such information was communicated to Appellant in his capacity as reporter by any person whomsoever.
The only exception to the established confidentiality of informant and source, obtains where a proper showing is made that disclosure of informant identity and source is essential to the protection of public policy. No such showing has been made in this instance. Having failed to make such a showing, Appellee is not entitled to revocation of the privilege.
It is ordered, adjudged and decreed that the judgment of the trial court ordering Appellant to answer the questions propounded is annulled, reversed and set aside and judgment rendered herein declaring the information as to the identity and source of the information requested is privileged pursuant to LSA-R.S. 45:1451 et seq.
It is further ordered, adjudged and decreed that this matter be remanded to the trial court for further proceedings consistent with the views herein expressed, Appellee Keith L. Dumez to pay all costs of this appeal.
Reversed and remanded.