BOWES, Judge.
Albert T. Becnel (appellant), Superintendent of the St. John The Baptist Parish School System appeals from a judgment by the trial court dismissing with prejudice and at his costs plaintiff’s rule to have revoked the conditional privilege Joseph A. Lucia, Jr., (appelle), the owner-publisher of L’Observateur (a weekly newspaper), sought to invoke when requested to reveal the name of a letter writer, by appellant.
The sole issue presented by this appeal is the application of LSA R.S. 45:1451 et seq., which grants newspaper reporters a conditional privilege from compulsory disclosure of an informant or source. The statutes in question pertinently provide:
LSA-R.S. 45:1451 Definitions
“Reporter” shall mean any person regularly engaged in the business of collecting, writing or editing news for publication through a news media. The term reporter shall include all persons who were previously connected with any news media as aforesaid as to the information obtained while so connected.
LSA-R.S. 45:1452 Conditional privilege from compulsory disclosure of informant or source
Except as hereinafter provided, no reporter shall be compelled to disclose in any administrative, judicial or legislative proceedings or anywhere else the identity of any informant or any source of information obtained by him from another person while acting as a reporter.
LSA-R.S. 45:1453 Revocation of privilege; procedure
“In any case where the reporter claims the privilege conferred by this Part, the persons or parties seeking the informa *1175 tion may apply to the district court of the parish in which the reporter resides for an order to revoke the privilege ... The application for such an order shall set forth in writing the reason “why the disclosure is essential to the protection of the public interest” and service of such application shall be made upon the reporter. The order shall be granted only when the court, after hearing the parties, shall find that the disclosure is essential to the public interest.”
On May 1, 1980, a letter entitled “Becnel Held Responsible” and signed “Name Withheld by Request” was published in the Letters to the Editor section of L’Observateur, a weekly newspaper owned and published by defendant-appellee. The next day plaintiff-appellant wrote to Mr. Lucia, Jr., demanding that he be supplied with the name that was withheld by request. Five days later, on May 5, 1980, Mr. Lucia, Jr., answered Mr. Becnel’s letter, stating that the author of the letter in question wished to retain his anonymity and that Mr. Lucia, Jr. intended to honor that request. Approximately three weeks after Mr. Lucia’s reply, Mr. Becnel filed this suit.
Plaintiff contends in his appeal that the District Court erred in allowing appellee to invoke the condition privilege granted by LSA-R.S. 45:1452 in that defendant-appel-lee is not a reporter; and alternatively that the District Court erred in refusing to revoke that conditional privilege.
The trial court found that the defendant was a “reporter” within the meaning of LSA-R.S. 45:1451. This court agrees with that finding as defendant was owner-publisher and editor for the letter in question and, even though he testified he was not acting as a “reporter” in looking over and editing this letter, it is not what the plaintiff considers himself that is legally important, but what the court considers to be his status, and we find that to be the status of a “reporter,” LSA-R.S. 1451 was passed by the legislature as Acts. 1964, No. 211. The title of that act reads in part as follows:
“An Act to confer a conditional privilege to reporters owning or employed in connection with news media from compulsory disclosure of the identity of any informant or source of any information...” (emphasis ours).
The statutes define reporter as “any person regularly engaged in the business of collecting, writing or editing news for publication through a news media” (emphasis ours). Clearly, to restrict the granting of the privilege only to those persons whose names regularly appeared on by-lines as reporters would be to thwart the legislative intent indicated by the use of the phrase “any person” in the statute and by the inclusion of owners in the title of the Act. Without a doubt, a newspaper is engaged in the business of collecting, writing and editing news for public dissemination; and the owner-publisher in carrying out his duties is engaged in those same functions. Hence, an owner-publisher or anyone similarly situated must be considered a “reporter” within the meaning of LSA-R.S. 45:1451.
Additionally, this court finds that the author of the “Becnel Held Responsible” letter is a source of information within the meaning of LSA-R.S. 45:1452. The legislative intent of the statutes in question was enunciated by our brothers of the First Circuit in Dumez v. Houma Municipal Fire and Police Civil Service Board, 341 So.2d 1206 (La.App. 1st Cir.1976), rehearing denied 1977, wherein the Court states:
“The obvious statutory intent is to encourage the divulgence of news by informants who might otherwise hesitate to disclose matters of public import for fear of unfavorable publicity or the possibility of retribution resulting from their being revealed as the source of a particular news item. In so providing, our statute supports the basic right of the public to be informed by permitting a newspaper reporter to maintain the confidentiality of his news sources.”
The last question before the court is whether the conditional privilege claimed by the defendant-appellee should be revoked as provided in. LSA-R.S. 45:1453. *1176 That statute says, “The order shall be granted only when the court, after hearing the parties, shall find that the disclosure is essential to the public interest” (emphasis ours). Plaintiff has failed to show that the public interest would be harmed by the withholding of the information sought. By his own words, it is his interest the plaintiff wishes served, not the public’s ... (pp. 37 and 38 of trial transcript reads):
(By Mr. Bradley)
Q What is the purpose for your request that you be informed of that person’s name?
(By Mr. Becnel)
A So I’ll know who- that person — who— what — in other words, I would like to know the name of the person who is making the allegation.
(By Mr. Bradley)
Q Is it your intention to take any reprisals or other actions?
(By Mr. Becnel)
A At this time I have no intentions whatsoever except to find out who that person was.
BY THE COURT: Are you telling.the Court it is just to know who that person is?
THE WITNESS: At this time, your Honor, yes, sir.
For these reasons, the judgment of the trial court is affirmed.
AFFIRMED.